# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TERRENCE MACK** (N-95539), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 3302 |
| ) | |
| **CITY OF CHICAGO**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pro se prisoner plaintiff Terrence Mack ("Mack") has utilized the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to charge an entire group of defendants with the asserted violation of his constitutional rights (which the first page of his Complaint paragraph IV "Statement of Claim" refers to as "an abuse of process" in connection with his conviction of a crime that dates back to 1988 (!!). What Mack charges is that the notorious former Commander of Area 2 of the Chicago Police Department, Jon Burge, and his then cohorts engaged in the physical abuse and coercion of Mack's codefendants, "wanting them to frame the plaintiff in the second statement after they had already given a statement that did not identify the plaintiff as the gunman."

Before this Court turns to Mack's substantive charges, its first responsibility is to deal with another Clerk's-Office-supplied form that he has tendered together with the Complaint: an In Forma Pauperis Application ("Application"), which calls for a determination under 28 U.S.C. § 1915 ("Section 1915") as to Mack's filing fee obligation. Because the information supplied with the Application as to transactions in Mack's trust fund account at Dixon Correctional Center ("Dixon," where he is in custody) has necessarily fallen short of covering the entire six-month

period made relevant by Section 1915(a)(2), one of the District Court staff attorneys assigned to prisoner litigation has requested and obtained a printout covering the entire relevant six-month period. That expanded printout has also provided the additional information as to the Complaint's "filing" date under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988), for it includes the information (based on a recorded expenditure for postage) that April 27, 2017 was that filing date.

Accordingly this Court has calculated that the average monthly deposits to the trust fund account during the relevant six-month period (Section 1915(b)(1)(A)) came to $124.92, 20% of which (id.) is $24.98. Mack is therefore assessed an initial partial filing fee of $24.98, and the Dixon trust fund officer is ordered to collect that amount from Mack's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at Dixon (or at any other correctional facility where Mack may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Mack's name and the 17 C 3302 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Dixon trust fund officer.

To turn now to matters of substance, any reader of Mack's lengthy narrative would immediately recognize the potential for a statute of limitations bar of a claim that goes back so many years. And in that respect the most telling flaw in what Mack alleges is this express acknowledgement in his Statement of Claim:

> The plaintiff conviction does not rest on the statements of his codefendants because the statements were not introduced in the plaintiff trial.

It is abundantly clear from the Complaint that Mack had to be aware nearly 30 years ago that the codefendants' altered statements that they themselves ascribed to the gross misconduct engaged in by the Burge group "[a]t the very outset of this case" had created an incipient violation of his constitutional right that would ripen into an actual violation if those statements had come into evidence at his criminal trial and had played a part in his conviction. That then would have started the running of the two year limitation period -- but it never happened, and that fact has rendered his current filing hopelessly out of time.

Unable to frame a timely basis for any claimed constitutional violation, Mack has engaged in a lame effort to say that the two year limitations clock on his imagined claim began to tick in December 2015, when this Court's former colleague Honorable David Coar, as part of a program for possible reparations to victims of the Burge-directed torture and comparable violations that were well beyond their statute of limitations, gave such an award to one of Mack's former codefendants. That notion is certainly imaginative, but on the merits it rings hollow.

It is of course remotely possible that none of the multiple defendants now named by Mack would raise the obvious statute of limitations defense, choosing instead to forfeit such an affirmative defense. This Court is accordingly transmitting a copy of this memorandum order to the Office of the Corporation Counsel of the City of Chicago, requesting that a response to that

question be filed on or before May 26, 2017, with a Judge's copy to be transmitted to this Court's chambers.[1] At that point this Court will take appropriate action.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 5, 2017

_____
[1] Honorable Milton Shadur
United States District Court
219 South Dearborn Street
Suite 2388
Chicago, Illinois 60604.