# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TERRENCE MACK** (N-95539), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CITY OF CHICAGO**, et al., ) <br> ) <br> Defendants. ) | USCA Case No. 17-2511 <br> (District Court Case No. 17 C 3302) |

## MEMORANDUM ORDER

This Court's May 5, 2017 memorandum order (Dkt. No. 6) explained why pro se plaintiff Terrence Mack ("Mack") was "hopelessly out of time" (id. at page 3) in seeking to invoke 42 U.S.C. § 1983 ("Section 1983") as to conduct he ascribed to his numerous targeted defendants in connection with his criminal conviction nearly 30 years ago -- in 1988!! When defendants quite predictably declined to waive or forfeit their right to assert that limitations defense, this Court issued a May 26 memorandum order (Dkt. No. 12) dismissing this action as barred by limitations.

But Mack continues to exhibit total confusion on the subject. In addition to his having taken an appeal from the dismissal of his case in our Court of Appeals Case No. 17-2511, he has filed what he terms as a "Motion to Clarify" (Dkt. No. 32 in this District Court), in which he says that the May 26 dismissal order "was misinterpreted by the Court as a [sic] attack on the plaintiff state conviction."

Not so -- the order of dismissal expressly rejected Mack's Section 1983 Complaint because it was so many years beyond the two-year statute of limitations applicable to

Illinois-based claims that seek Section 1983 relief. It is simply untrue that Mack can start the two-year limitations clock ticking anew from the December 2015 date on which another individual obtained reparations based on a Chicago ordinance that has established a program to provide an independent source of relief to some victims of the torture inflicted by the notorious Jon Burge.

That Chicago City Council ordinance was labeled the "Reparations for Burge Torture Victims" Ordinance. It created a $5.5 million "Reparations Fund for Burge Torture Victims" (the "Fund"), with "any individual with a credible claim of torture or physical abuse by Jon Burge or one of the officers under his command at Area 2 or Area 3 Police Headquarters between May 1, 1972 and November 30, 1991" having the opportunity to seek financial reparations not to exceed $100,000 out of the Fund. But simply to recite the nature and origin of that Fund highlights the irony inherent in Mack's selection of "Motion to Clarify" as the caption for his Dkt. No. 32 effort -- for the only person whose mindset is in need of clarification is Mack himself.

It will be recalled once again that the limitations period for an Illinois-based Section 1983 claim is two years. But this Court has not heretofore had occasion to explain the reason for that rule, which is that Section 1983 claims are viewed conceptually as tort claims, thus bringing into play the limitations period prescribed by an Illinois statute for claims of that nature. And nothing in that principled adoption of a state statute to fix the federal limitations period for Section 1983 purposes even hints at delegating a like role to a city's purely administrative program. If Mack's general constitutional rights were indeed violated by one or more of the defendants whom he

now seeks to sue, such violation clearly took place some three decades ago rather than in December 2015, as he now contends.[1]

In sum, then, Mack's "Motion to Clarify" must be and is denied. And that means this Court's dismissal of Mack's current action, as long since time-barred, remains intact.

## Conclusion

With this Court's earlier memorandum orders and this memorandum order having dealt with the substance of the fundamentally misconceived (and clearly time-barred) Section 1983 action now brought by Mack, all that remains is to cleanse the current case docket of what it lists as still-pending motions: Dkt. Nos. 24, 28, 29 and 32. As to those docket entries:

1. This Court's August 22 memorandum order (Dkt. No. 38) has already granted Dkt. No. 24.

2. Because the Dkt. No. 28 and 29 motions are really duplicative of the Dkt. No. 24 motion, this Court's August 25, 2017 minute entry (Dkt. No. 41) has already denied each of them.

3. Mack's Dkt. No. 32 motion, captioned "Motion to Clarify," plainly displays Mack's warped notion of the statute of limitations bar that has

---

[1] Although Mack has attached a copy of the Chicago ordinance to his "Motion to Clarify," he obviously has not read or understood it. Its Section 3(a) expressly confirms its independence from any recovery through a separate action such as a Section 1983 lawsuit:

> Provided, however, that if an individual with a credible claim has already received compensation (such as by supplement of his or her claim(s) arising out of the torture or physical abuse), such individual shall receive up to $100,000.00 minus the amount of the prior compensation.

doomed his Section 1983 claim from the outset, and it too must be and is denied.

                                                _____
Milton I. Shadur
Senior United States District Judge

Date: August 29, 2017